IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
EAU CLAIRE DIVISION

| | | |
|---|---|---|
| DAVID HARTSUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-325 |
| | ) | |
| THE HOWARD YOUNG MEDICAL CENTER, INC., a Wisconsin corporation, JENNIE LARSEN, and UNKNOWN EMPLOYEES, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, DAVID HARTSUCH, by and through his attorneys, Blake W. Horwitz, Esq., and Jeffrey C. Grossich, Esq., of The Blake Horwitz Law Firm, Ltd., and complaining of the Defendants, JENNIE LARSEN and UNKNOWN EMPLOYEES (collectively, "INDIVIDUAL DEFENDANTS") and THE HOWARD YOUNG MEDICAL CENTER, INC., a Wisconsin corporation, states as follows:

### I.   JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2. Venue is proper because the acts and/or omissions giving rise to this cause of action occurred in this District.

### II.   PARTIES

3. PLAINTIFF, DAVID HARTSUCH ("PLAINTIFF"), is a resident of the State of Iowa.

1

4. PLAINTIFF is a licensed physician.

5. DEFENDANT, HOWARD YOUNG MEDICAL CENTER, INC. ("DEFENDANT MEDICAL CENTER"), is a health care facility located in Minocqua, Wisconsin.

6. DEFENDANT MEDICAL CENTER is a Wisconsin corporation.

7. The headquarters and principal place of business of DEFENDANT MEDICAL CENTER are located in the State of Wisconsin.

8. At all relevant times, DEFENDANT MEDICAL CENTER was subject to the laws of the State of Wisconsin.

9. DEFENDANT, JENNIE LARSEN ("DEFENDANT LARSEN"), is an employee of DEFENDANT MEDICAL CENTER.

10. Upon information and belief, DEFENDANT LARSEN is a resident of the State of Wisconsin.

11. At all times material and relevant to this Complaint, DEFENDANT LARSEN was supervisory to PLAINTIFF and possessed the power to employ and/or terminate PLAINTIFF.

12. At all times material and relevant to this Complaint, DEFENDANT LARSEN was acting within the scope of her employment with DEFENDANT MEDICAL CENTER.

13. DEFENDANTS, UNKNOWN EMPLOYEES, are employees of DEFENDANT MEDICAL CENTER.

14. Upon information and belief, DEFENDANT UNKNOWN EMPLOYEES are residents of the State of Wisconsin.

15. At all times material and relevant to this Complaint, DEFENDANT UNKNOWN EMPLOYEES were supervisory to PLAINTIFF and possessed the power to employ and/or terminate PLAINTIFF.

16. At all times material and relevant to this Complaint, DEFENDANT UNKNOWN EMPLOYEES were acting within the scope of their employment with DEFENDANT MEDICAL CENTER.

### III.   FACTS

17. DEFENDANT MEDICAL CENTER hired PLAINTIFF as a physician.

18. DEFENDANT MEDICAL CENTER hired PLAINTIFF through the staffing agency Delta Locum Tenens.

19. PLAINTIFF was working as a physician for DEFENDANT MEDICAL CENTER in March of 2020.

20. As a physician at DEFENDANT MEDICAL CENTER, PLAINTIFF was at risk of contracting COVID-19.

21. As a physician at DEFENDANT MEDICAL CENTER, PLAINTIFF was at a greater risk of contracting COVID-19 than the general public.

22. Particulate Respirator N95 facemasks, when worn, are more effective at preventing the wearer from contracting COVID-19 than other facemasks.

23. PLAINTIFF knew that Particulate Respirator N95 masks were safer and more effective at preventing the wearer from contracting COVID-19 than other facemasks.

24. In March of 2020, DEFENDANT MEDICAL CENTER, by and through its employees and/or agents, adopted a policy that Particulate Respirator N95 facemasks were not to be worn by staff and/or employees who were treating patients with COVID-19, unless the patients were undergoing aerosol generating procedures.

25. In March of 2020, DEFENDANT MEDICAL CENTER, by and through its employees and/or agents, adopted a policy that allowed COVID-19 patients to be discharged from DEFENDANT MEDICAL CENTER even if the patients were unable to self-isolate at home.

26. In March of 2020, PLAINTIFF complained to other doctors and staff at DEFENDANT MEDICAL CENTER that the DEFENDANT MEDICAL CENTER'S policy regarding Particulate Respirator N95 facemasks was unsafe.

27. In March of 2020, PLAINTIFF complained to other doctors and staff at DEFENDANT MEDICAL CENTER that DEFENDANT MEDICAL CENTER'S policy for discharging COVID-19 patients was unsafe.

28. In March of 2020, PLAINTIFF complained to his coworkers and/or supervisors at DEFENDANT MEDICAL CENTER that the above-stated policies of DEFENDANT MEDICAL CENTER were unsafe.

29. In March of 2020, PLAINTIFF had multiple conversations with the head of the emergency department at DEFENDANT MEDICAL CENTER during which PLAINTIFF complained that DEFENDANT MEDICAL CENTER'S policies regarding COVID-19 were unsafe.

30. In March of 2020, PLAINTIFF had at least one conversation with the head of the nursing department at DEFENDANT MEDICAL CENTER during which PLAINTIFF complained that DEFENDANT MEDICAL CENTER'S policies regarding COVID-19 were unsafe.

31. PLAINTIFF complained about DEFENDANT MEDICAL CENTER'S policies for the purpose of promoting public health.

32. As a licensed physician, PLAINTIFF had a duty to promote and protect public health.

33. PLAINTIFF complained about DEFENDANT MEDICAL CENTER'S policies in order to expose DEFENDANT MEDICAL CENTER'S malfeasance.

34. On or about March 23, 2020, PLAINTIFF sent an email to DEFENDANT LARSEN, complaining that DEFENDANT MEDICAL CENTER'S policy regarding Particulate Respirator N95 facemasks was unsafe.

35. On or about March 23, 2020, PLAINTIFF sent an email to DEFENDANT LARSEN, complaining that DEFENDANT MEDICAL CENTER'S policy for discharging COVID-19 patients was unsafe.

36. In the email PLAINTIFF sent to DEFENDANT LARSEN, PLAINTIFF cited guidelines from the Center for Disease Control and World Health Organization which contradicted the policies of DEFENDANT MEDICAL CENTER.

37. On or about March 23, 2020, PLAINTIFF sent an email to DEFENDANT LARSEN with recommendations for reducing patient contact.

38. In the email PLAINTIFF sent to DEFENDANT LARSEN, PLAINTIFF cited guidelines from the Center for Disease Control and World Health Organization for reducing patient exposure and mitigating results of potential exposure.

39. On March 24, 2020, PLAINTIFF sent an email to DEFENDANT LARSEN asking about DEFENDANT MEDICAL CENTER'S current supply of Particulate Respirator N95 facemasks.

40. PLAINTIFF sent these emails to DEFENDANT LARSEN for the purpose of promoting public health.

41. On March 24, 2020, PLAINTIFF received an email from DEFENDANT LARSEN stating that PLAINTIFF was removed from the work schedule at DEFENDANT MEDICAL CENTER.

42. Shortly thereafter, DEFENDANT MEDICAL CENTER, through the INDIVIDUAL DEFENDANTS, terminated PLAINTIFF'S employment.

43. DEFENDANT MEDICAL CENTER, through the INDIVIDUAL DEFENDANTS, terminated PLAINTIFF'S employment.

44. DEFENDANT MEDICAL CENTER, through the INDIVIDUAL DEFENDANTS, terminated PLAINTIFF'S employment in order to prevent PLAINTIFF from speaking out about DEFENDANT MEDICAL CENTER'S malfeasance.

45. DEFENDANT MEDICAL CENTER, through the INDIVIDUAL DEFENDANTS, terminated PLAINTIFF for the purpose of quelling PLAINTIFF'S speech.

46. DEFENDANT MEDICAL CENTER'S termination of PLAINTIFF'S employment, through the INDIVIDUAL DEFENDANTS, did in fact quell PLAINTIFF'S speech.

47. Alternatively, DEFENDANT LARSEN terminated PLAINTIFF'S employment.

48. Alternatively, DEFENDANT UNKNOWN EMPLOYEES terminated PLAINTIFF'S employment.

49. PLAINTIFF was terminated for warning employees, agents, and/or supervisors of DEFENDANT MEDICAL CENTER that the DEFENDANT MEDICAL CENTER'S policies were unsafe.

50. PLAINTIFF was terminated in retaliation for warning PLAINTIFF'S coworkers and/or supervisors that DEFENDANT MEDICAL CENTER'S policies were unsafe.

51. PLAINTIFF'S termination from DEFENDANT MEDICAL CENTER will make it more difficult for PLAINTIFF to obtain future employment.

## COUNT I
### Retaliatory Discharge
**(DEFENDANT MEDICAL CENTER, DEFENDANT LARSEN, AND DEFENDANT UNKNOWN EMPLOYEES)**

52. PLAINTIFF re-alleges paragraphs 1-51 as though fully set forth herein.

53. PLAINTIFF engaged in a protected activity when PLAINTIFF reported unsafe work conditions to PLAINTIFF'S coworkers and/or supervisors.

54. PLAINTIFF attempted to disclose public corruption and/or wrongdoing.

55. DEFENDANT MEDICAL CENTER, through the INDIVIDUAL DEFENDANTS, terminated PLAINTIFF'S employment because PLAINTIFF engaged in protected activity.

56. Alternatively, DEFENDANT LARSEN terminated PLAINTIFF'S employment because PLAINTIFF engaged in protected activity.

57. Alternatively, DEFENDANT UNKNOWN EMPLOYEES terminated PLAINTIFF'S employment because PLAINTIFF engaged in protected activity.

58. As a result of being terminated, PLAINTIFF suffered damages, including emotional and psychological damages, pain and suffering, and lost wages.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT MEDICAL CENTER, DEFENDANT LARSEN, and DEFENDANT UNKNOWN EMPLOYEES, and such other additional relief as this Honorable Court deems equitable and just.

## COUNT II
### Retaliation in Violation of Wis. Stat. § 230.83
**(DEFENDANT MEDICAL CENTER, DEFENDANT LARSEN, AND DEFENDANT UNKNOWN EMPLOYEES)**

59. PLAINTIFF re-alleges paragraphs 1-51 as though fully set forth herein.

60. PLAINTIFF complained to his coworkers and/or supervisors that DEFENDANT MEDICAL CENTER'S above-stated policies were unsafe.

61. In doing so, PLAINTIFF attempted to disclose public corruption and/or wrongdoing.

62. PLAINTIFF sent information regarding DEFENDANT MEDICAL CENTER'S wrongdoing to his supervisor(s), including DEFENDANT LARSEN.

63. PLAINTIFF sent this information in writing to his supervisor(s), including DEFENDANT LARSEN.

64. PLAINTIFF attempted to disclose public corruption and/or wrongdoing.

65. In response, DEFENDANT MEDICAL CENTER, through the INDIVIDUAL DEFENDANTS, took an action that was materially adverse to PLAINTIFF.

66. DEFENDANT HOSPITAL terminated PLAINTIFF'S employment, through the INDIVIDUAL DEFENDANTS, because PLAINTIFF attempted to disclose public corruption and/or wrongdoing.

67. Alternatively, DEFENDANT LARSEN terminated PLAINTIFF'S employment because PLAINTIFF attempted to disclose public corruption and/or wrongdoing.

68. Alternatively, DEFENDANT UNKNOWN EMPLOYEES terminated PLAINTIFF'S employment because PLAINTIFF attempted to disclose public corruption and/or wrongdoing.

69. PLAINTIFF was terminated in retaliation for attempting to disclose public corruption and/or wrongdoing.

70. As a result of being terminated, PLAINTIFF suffered damages, including emotional and psychological damages, pain and suffering, and lost wages.

WHEREFORE, PLAINTIFF the demands judgment against DEFENDANT MEDICAL CENTER, DEFENDANT LARSEN, and DEFENDANT UNKNOWN EMPLOYEES, including attorneys' fees, and such other additional relief as this Honorable Court deems equitable and just.

## COUNT III
### *Respondeat Superior*
### (DEFENDANT MEDICAL CENTER)

71.  PLAINTIFF re-alleges paragraphs 1-70 as though fully set forth herein.

72.  DEFENDANT MEDICAL CENTER is the employer of DEFENDANT LARSEN and DEFENDANT UNKNOWN EMPLOYEES.

73.  The aforesaid acts of DEFENDANT LARSEN and DEFENDANT UNKNOWN EMPLOYEES were committed within the scope of their employment, and, therefore, DEFENDANT MEDICAL CENTER, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE, should DEFENDANT LARSEN and/or DEFENDANT UNKNOWN EMPLOYEES, in their individual capacities, be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to the doctrine of *respondeat superior*, DEFENDANT MEDICAL CENTER pay any judgment against DEFENDANT LARSEN and/or DEFENDANT UNKNOWN EMPLOYEES.

## JURY DEMAND

PLAINTIFF demands trial by jury.

Respectfully submitted,

*s/Jeffrey C. Grossich*
Attorney for Plaintiff

Blake W. Horwitz, Esq.
Jeffrey C. Grossich, Esq.
The Blake Horwitz Law Firm, Ltd.
111 West Washington Street, Suite 1611
Chicago, Illinois 60602
Phone: (312) 676-2100
Fax: (312) 445-8741
bhorwitz@bhlfattorneys.com
jgrossich@bhlfattorneys.com